IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND THOMAS, )
)
Plaintiff, )
)
v. ) Civil Action No. 06-700-***
)
SEAFORD, DELAWARE POLICE )
DEPARTMENT and SUSSEX )
CORRECTIONAL INSTITUTE, )
)
Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 22d day of March, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and that plaintiff is given leave to amend the complaint, for the reasons that follow:

1. **Background**. Plaintiff Raymond Thomas, an inmate at the Maryland Correctional Institution, Hagerstown, Maryland, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff filed this suit against the Seaford, Delaware Police Department ("Seaford PD") and the Sussex Correctional Institute ("SCI"), Georgetown, Delaware. Plaintiff alleges that on February 1, 2006, several Seaford PD officers used excessive force at the time of his arrest and that the officers refused to provide him with medical attention after they arrived at the Seaford PD station for processing. Plaintiff alleges that he was transported to SCI for pretrial detention and, upon his arrival, requested medical attention. Plaintiff alleges that he was denied medical care at SCI.

5. Plaintiff alleges that after "a few days in the pre-trial area" an SCI guard noticed his failing health. Plaintiff alleges he was ordered to report to Dr. Messenager's

office. Plaintiff was then removed the pre-trial area and placed in the medical department where he received treatment.

6. The Seaford PD will be dismissed as a defendant in this action because the complaint does not allege municipal liability in accordance with Monell v. Department of Social Services, New York City, 436 U.S. 658 (1978). A municipality may only be held liable under § 1983 when the municipality itself causes a constitutional violation pursuant to an official policy or governmental custom. Monell, 436 U.S. 658 at 690-91. To state a § 1983 claim against a municipality in accordance with Monell, plaintiff must allege: "(1) existence of a municipal custom or policy; and (2) violation of Plaintiff's constitutional rights by an officer acting pursuant to the municipal policy." Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir.1996). The complaint contains no such allegations against the Seaford PD and therefore, it is dismissed as a defendant.

7. Plaintiff alleges that SCI was deliberately indifferent to his serious medical needs. SCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of

Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Accordingly, SCI is entitled to immunity under the Eleventh Amendment. Plaintiff's claim against SCI has no arguable basis in law or in fact inasmuch as it is immune from suit, and therefore it is dismissed as a defendant.

8. The complaint contains allegations of excessive force and a failure to provide medical care, but it names the wrong defendants. Plaintiff proceeds pro se, and because he attempts to allege these serious claims, he is given leave to amend the complaint to name the appropriate individuals who allegedly deprived him of his constitutional rights.

9. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim up which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

[signature]
UNITED STATES DISTRICT JUDGE